# EXHIBIT "A"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX

-----------------------------------------------------------------**x**

Joseph Vere

Plaintiff/Petitioner,

- against -                                                    Index No.812059/2021E

JOHN DOE ET AL

Defendant/Respondent.

-----------------------------------------------------------------**x**

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 09/07/21

| | |
|---|---|
| Jennifer M. Gerdes | 100 Garden City Plaza, Suite 500 |
| Name | Address |
| | |
| Sanders Law Firm | Garden City, NY 11530 |
| Firm Name | |

516-741-5252
Phone

jgerdes@thesandersfirm.com
E-Mail

To:   All defendants

6/6/18

FILED: BRONX COUNTY CLERK 09/07/2021 11:59 AM   INDEX NO. 812059/2021E
NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 09/07/2021

SUPREME COURT OF THE STATE OF NEW YORK          Index No.:
COUNTY OF BRONX                                 Date Purchased:
---------------------------------------------------------------X    **SUMMONS**
JOSEPH VERE,

                                Plaintiff,          Plaintiff designates Bronx
                                           County as the place of trial.

        -against-                                   The basis of venue is:
                                                Plaintiff's residence.
"JOHN DOE", a fictitious name/person intended to
be the unknown operator/owner of the subject vehicle
and J.B. HUNT TRANSPORT, INC.,                  Plaintiff resides at:
                                                1133 Boston Road, Apartment A4
                           Defendants.     Bronx, New York 10456
---------------------------------------------------------------X

                                                County of Bronx

**TO THE DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
        September 7, 2021

                                   Yours, etc.,

                                   SANDERS, ARONOVA, GROSSMAN,
                                   WOYCIK, WIENER & KALANT, PLLC

                                   JENNIFER M. GERDES, ESQ.
                                   Attorney for Plaintiff
                                   **JOSEPH VERE**
                                   100 Garden City Plaza, Suite 500
                                   Garden City, New York 11530
                                   (833) 726-3377
                                   **FILE#:** -AA-TR-66173

TO:

        **J.B. HUNT TRANSPORT, INC.**
        615 J.B. Hunt Corporate Drive
        Lowell, Arkansas 72745

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

JOSEPH VERE,

                               Plaintiff,

         -against-

"JOHN DOE", a fictitious name/person intended to
be the unknown operator/owner of the subject vehicle
and J.B. HUNT TRANSPORT, INC.,

                           Defendants.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, **SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC**, complaining of the defendants above-named, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF: JOSEPH VERE

1.     That at all the times hereinafter mentioned, plaintiff was and still is a resident of the County of Bronx and State of New York.

2.     Upon information and belief, that at all the times hereinafter mentioned, defendant, J.B. HUNT TRANSPORT, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.     Upon information and belief, that at all the times hereinafter mentioned, defendant, J.B. HUNT TRANSPORT, INC., is a foreign corporation authorized to do business in the State of New York.

Case 1:21-cv-08871-ALC-DCF Document 1-1 Filed 10/29/21 Page 6 of 13
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 09/07/2021

4.      Upon information and belief, that at all the times hereinafter mentioned, defendant, J.B. HUNT TRANSPORT, INC., was and still is a limited liability company doing business in the State of New York.

5.      That at all the times hereinafter mentioned, defendant, J.B. HUNT TRANSPORT, INC., was the registered owner of a certain motor vehicle bearing license plate number 2929111 for the State of Arkansas for the year 2020.

6.      That at all the times hereinafter mentioned, defendant, J.B. HUNT TRANSPORT, INC., was the titled owner of a certain motor vehicle bearing license plate number 2929111 for the State of Arkansas for the year 2020.

7.      That at all the times hereinafter mentioned, defendant, "JOHN DOE", was the registered owner of a certain motor vehicle bearing license plate number 2929111 for the State of Arkansas for the year 2020.

8.      That at all the times hereinafter mentioned, defendant, "JOHN DOE", was the titled owner of a certain motor vehicle bearing license plate number 2929111 for the State of Arkansas for the year 2020.



9.      Upon information and belief, that at all the times hereinafter mentioned, defendant, "JOHN DOE", was the operator of the aforesaid motor vehicle.

10.     Upon information and belief, that at all the times hereinafter mentioned, defendant, "JOHN DOE", was operating the aforesaid motor vehicle of the defendant owner, J.B. HUNT TRANSPORT, INC., in the State of New York.



Case 1:21-cv-08871-ALC-DCF Document 1-1 Filed 10/29/21 Page 7 of 13

11. Upon information and belief, that at all the times hereinafter mentioned, defendant, "JOHN DOE", was the operator of the aforesaid motor vehicle with the consent and permission of the defendant owner, J.B. HUNT TRANSPORT, INC.

12. Upon information and belief, that at all the times hereinafter mentioned, defendant, "JOHN DOE", was the operator of the aforesaid motor vehicle in the course of his employment with the defendant owner, J.B. HUNT TRANSPORT, INC

13. Upon information and belief, that at all the times hereinafter mentioned, defendant, J.B. HUNT TRANSPORT, INC., maintained the aforesaid motor vehicle.

14. Upon information and belief, that at all the times hereinafter mentioned, defendant, "JOHN DOE", maintained the aforesaid motor vehicle.

15. Upon information and belief, that at all the times hereinafter mentioned, defendant, J.B. HUNT TRANSPORT, INC., controlled the aforesaid motor vehicle.

16. Upon information and belief, that at all the times hereinafter mentioned, defendant, "JOHN DOE", controlled the aforesaid motor vehicle.

17. That at all the times hereinafter mentioned, Boston Road, County of Bronx and State of New York, was and still is a public street and highway.

18. That on or about the 17th day of March, 2020, plaintiff was lawfully operating his motor vehicle at the aforesaid location.

19. That at the aforesaid time and place, the defendants' motor vehicle came into contact with the motor vehicle of the plaintiff.

20.    That as a result thereof, this plaintiff was caused to sustain a serious injury as defined under §5102(d) of the Insurance Law of the State of New York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

21.    That the said occurrence and serious injuries sustained by this plaintiff were occasioned through the negligence of the defendants, their agents, servants and/or employees, in causing and permitting their motor vehicle to be operated in a negligent and dangerous manner; in following too closely; in failing and omitting to have their motor vehicle under reasonable and proper control; in carelessly and negligently causing and permitting their motor vehicle to be operated over and along a public highway at a high and/or excessive rate of speed and/or a greater rate of speed than care and caution would permit under the circumstances then and there existing; in failing to be properly alert; in failing to keep a proper lookout and to see what was there to be seen; in failing to make proper, prompt, and efficient use of adequate brakes and steering mechanisms; in failing to obey traffic signs and signals at the intersection; in failing to properly maintain and equip their motor vehicle; in causing, permitting, and allowing their motor vehicle to come into contact with the motor vehicle of the plaintiff; in failing to take those steps necessary to avoid the accident herein; in failing to slow down and/or stop at the intersection; in failing to observe the conditions of traffic then and there prevailing; in operating their vehicle without regard to the traffic then present on the said thoroughfare; in failing to bring their vehicle to proper stops so as to avoid contact with the motor vehicle of the plaintiff; in failing to sound a warning or give any other sign by horn or otherwise of their approach or of the impending accident; in failing to operate said vehicle in their proper lanes of traffic; in failing to slow down their vehicle in order to take cognizance of other vehicles at or near the intersection prior to entering into the intersection.

Case 1:21-cv-08871-ALC-DCF Document 1-1 Filed 10/29/21 Page 9 of 13

22.    That this action falls within one or more of the exceptions set forth in CPLR §1602 and does not limit the liability of the defendants' joint or several responsibility.

23.    That by reason of the premises as aforesaid, this plaintiff was rendered sick, sore, lame, and disabled and his injuries upon information and belief, are of a permanent character. That by reason thereof, he has been prevented from following his usual vocation and has been obliged to incur expense and obligations for medicines, medical care, attention, and treatment, and he is informed, and he verily believes, that he will, in the future, be obliged to incur expense and obligations for medicines, medical care, attention, and treatment and continuous pain and suffering and be unable to follow his current vocation, all to his damage in an amount which exceeds the jurisdictional limits of all lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF: JOSEPH VERE

24.    This plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs of the complaint designated "1" through "23", inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

25.    That as a result thereof, this plaintiff was caused to sustain a serious injury as defined under §5102(d) of the Insurance Law of the State of New York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

26.    To the extent that the expenses incurred and other consequential losses suffered by plaintiff are not covered by the No-Fault Insurance benefits, defendants shall be liable to plaintiff to the full extent thereof, in an amount which exceeds the jurisdictional limits of all lower Courts.

Case 1:21-cv-08871-ALC-DCF   Document 1-1   Filed 10/29/21   Page 10 of 13

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF: JOSEPH VERE

27.    This plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs of the Complaint designated "1" through "26," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

28.    That at all the times herein mentioned, plaintiff, JOSEPH VERE, was the registered owner of a certain motor vehicle bearing license plate number JLK5429 for the State of New York for the year 2020, and was responsible for the maintenance and control of the aforesaid motor vehicle.

29.    That prior to the time of the occurrence discussed herein, the motor vehicle had been in perfect condition and was fully capable of performing and actually did perform all the duties of an operating motor vehicle.

30.    That as a result of the foregoing, this plaintiff has expended and become obligated for sums of money for property damage to plaintiff's motor vehicle, and has expended money in an effort to return the motor vehicle to its proper running condition; and the plaintiff's motor vehicle has sustained property damage as a result of the negligence of the defendant, all to this plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE,** plaintiff prays for judgment against defendants in the first cause of action in an amount which exceeds the jurisdictional limits of all lower Courts; in the second cause of action in an amount which exceeds the jurisdictional limits of all lower Courts; and in the third cause of action in an amount which exceeds the jurisdictional limits of all lower Courts, all together

FILED: BRONX COUNTY CLERK 09/07/2021 11:59 AM          INDEX NO. 812059/2021E

NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 09/07/2021

with the costs and disbursements incurred herein, and for such other, further and different relief as

the Court deems just and proper.

Dated: Garden City, New York
       September 7, 2021

<div style="margin-left: 40%;">

Yours, etc.,

SANDERS, ARONOVA, GROSSMAN,
WOYCIK, VIENER & KALANT, PLLC

JENNIFER M. GERDES, ESQ.
Attorney for Plaintiff
**JOSEPH VERE**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
(833) 726-3377
**FILE#:** -AA-TR-66173

</div>

## ATTORNEY'S VERIFICATION

**JENNIFER M. GERDES, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC, and attorneys of record for Plaintiff, **JOSEPH VERE**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

Dated: Garden City, New York
      September 7, 2021

_____
JENNIFER M. GERDES, ESQ.

FILED: BRONX COUNTY CLERK 09/07/2021 11:59 AM
Case 1:21-cv-08871-ALC-DCF    Document 1-1    Filed 10/29/21    Page 13 of 13
INDEX NO. 812059/2021E
NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 09/07/2021

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

JOSEPH VERE,

                              Plaintiff,

          -against-

"JOHN DOE", a fictitious name/person intended to be the unknown operator/owner of the subject vehicle and J.B. HUNT TRANSPORT, INC.,

                              Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**SANDERS, ARONOVA, GROSSMAN, WOYCIK,
VIENER & KALANT, PLLC**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
**100 Garden City Plaza, Suite 500
Garden City, New York 11530
Bus. (833) 726-3377
Fax (516) 741-0799**

TO:

---

*PLEASE TAKE NOTICE*

                    that the within is a *(certified)* true copy of a
                    duly entered in the office of the clerk of the within named court on

NOTICE OF ENTRY

                                        that an Order of which the within is a true copy will be
                    presented for settlement to the Hon.
                              one of the judges of the within named court, at                    on
                                        at                                        a.m.
          NOTICE OF
          SETTLEMENT

## ATTORNEY CERTIFICATION PURSUANT TO 22 NYCRR 130-1.1A

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:

                              Yours, etc.,

                              **SANDERS, ARONOVA, GROSSMAN,
                              WOYCIK, VIENER & KALANT, PLLC**
                              *Attorneys for Plaintiff*
                              *Office and Post Office Address, Telephone*
                              **100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              (833) 726-3377**